```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 09-61157-MC-ZLOCH
```

NALLYVE KENNEDY,

       Petitioner,

vs.                                              **FINAL ORDER OF DISMISSAL**

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY,
INC.,

       Respondent.
_____/

      THIS MATTER is before the Court upon Respondent American Express Travel Related Services Company, Inc.'s Petition To Enforce Subpoena Duces Tecum Against Patricia Lurie (DE 3). The Court has carefully reviewed said Petition and the entire court file and is otherwise fully advised in the premises.

      Both Petitioner and Respondent are parties to an arbitration proceeding in the City of Miami Lakes, Florida, styled *Nallyve Kennedy v. American Express Travel Related Services Company, Inc.*, Case No. 32-160-00719 08 (American Arbitration Association). Respondent filed the instant action pursuant to 9 U.S.C. § 7, seeking an order from this Court to enforce an arbitrator-issued summons for documents held by Patricia Lurie. Ms. Lurie, a Non-Party to the arbitration, is the treating mental health professional of Petitioner Nallyve Kennedy. On July 6, 2009, the arbitrator issued a summons for records held by Ms. Lurie. She failed to comply with the arbitrator-issued summons and Respondent

filed the instant Petition (DE 1) for this Court to enforce the summons. Before enforcing the summons, the Court has an independent duty to satisfy itself that § 7 vests the arbitrator with the power to issue a summons for the production of pre-hearing discovery from non-parties. For the reasons expressed more fully below, the Court finds that it does not.

I.

A single and indispensable principle governs any analysis of an arbitrator's power: arbitration is a creature of contract, voluntarily entered into and bargained for by the parties. *See Integrity Ins. Co., in Liquidation v. Am. Centennial Ins. Co.*, 885 F. Supp. 69, 71 (S.D.N.Y. 1995). Thus, an arbitrator's authority over the parties to an arbitration is limited by the contours of the parties' agreement and those enumerated in the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (hereinafter the "FAA"). Non-parties to a contract providing for arbitration, however, have not limited their rights by submitting themselves to the authority of an arbitrator; in that way, they maintain the full panoply of rights that attach under the law. *See id.* at 71 ("Arbitrators can exert no more control over parties than that which the parties, through their agreements, granted to the arbitrators."). The only power that an arbitrator has over non-parties is what Congress has provided in the FAA. *Id.*

Thus, the ability of an arbitrator to order pre-hearing

discovery must be explicitly found in the language of the FAA, if it exists at all. The Court is constantly mindful of the direction provided by the Eleventh Circuit in the area of statutory construction, and begins by looking at the plain language of § 7 to determine whether such a power is in fact vested in arbitrators. "When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *CBS, Inc. v. Prime Time 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001). The plain language of a statute will be followed unless it will lead to a "truly absurd interpretation." *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1013-14 (11th Cir. 2004). Section 7 of the FAA states, in relevant part:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.

9 U.S.C. § 7 (2006).

The above-quoted language is clear: an arbitrator has the power to summon any person before him and "in a proper case to bring with him or them any book, record, document, or paper." *Id.* The only reference in the text to an arbitrator's power to call witnesses is to summon them to appear before the arbitrator for live testimony in the proceeding. Of course, the text is clear that this power includes the authority to summon even non-party

3

witnesses; however, the place for a non-party witness to be called is explicitly provided for as being before the arbitrator. The statute does not give parties the ability to call non-party witnesses in proceedings apart from those before the arbitrator, such as at a deposition. *See Integrity Ins. Co.*, 885 F. Supp. at 71. When the arbitrator does summon a non-party, he can require that witness to produce certain books, records, documents, or papers the arbitrator finds to be "material as evidence in the case"; however, such production must be in conjunction with their appearance before the arbitrator. 9 U.S.C. § 7 ("The arbitrator[]. . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.").

Thus, the operative clause in § 7 is exclusive as to whom the power to summon non-parties is vested, exhaustive in prescribing the limits of that power, and explicit in the manner in which non-parties may be summoned. Therefore, based on the plain meaning of the statute, the Court finds that an arbitrator is not statutorily authorized under the FAA to issue summonses for pre-hearing depositions and document discovery from non-parties. *See Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407-12 (3d Cir. 2004). To be clear, an arbitrator may do so at a hearing, but he may not order such production before the hearing.

II.

In reaching this holding, the Court is aware that several other courts, including district courts in this Circuit, have interpreted § 7 as giving arbitrators powers beyond the reading provided by this Court.[1]  But the courts that have given the statute a broader reading are not binding on this Court.  *See, e.g.*, *Fox v. Acadia St. Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court.").  The Court is unpersuaded by the reasoning expanding an arbitrator's power to permit pre-hearing discovery from non-parties.  Simply put, they do not base their analysis on the text of § 7, but rather on its supposed implications.  *See, e.g.*, *In re Security*, 228 F.3d at 870-71 (holding that implicit in the arbitrator's power to subpoena relevant documents at hearing is the power to order pre-hearing discovery).

It becomes necessary to rely on such implications only in

---

[1] *See, e.g.*, *In re Security Life Ins. Co.*, 228 F.3d 865, 870-71 (8th Cir. 2000) (holding arbitration panel had authority to order the pre-hearing production of documents from a non-party); *Stanton v. Paine, Weber, Jackson & Curtis, Inc.*, 685 F. Supp. 1241, 1242 (S.D. Fla. 1988) (finding that arbitrators have implicit power to order pre-hearing non-party discovery); *Festus v. Merrill Lynch & Pierce*, 432 F. Supp. 2d 1375, 1377-78 (N.D. Ga. 2006) (holding that the district court has jurisdiction to order non-party private equity firm to comply with subpoenas issued under the Federal Arbitration Act); *cf. COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 276 (4th Cir. 1999) (holding that pre-hearing discovery is not available except for a showing of a special need or extreme hardship).

cases where the statute's text is either ambiguous or leads to an absurd result.  *United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001).  Here the text is not ambiguous; it is, in fact, quite clear.  And as explained below, there is nothing absurd about Congress withholding certain powers from arbitrators.  Because the Court is breaking with the holdings of other district courts in this Circuit and two circuit courts, and for the benefit of any reviewing court, it will detail why its interpretation, while inconvenient for arbitrators and parties to an arbitration, is nevertheless not an absurd reading of the statute so as to undermine the purpose of § 7, specifically, and the entire FAA, generally.  *See CBS, Inc.*, 245 F.3d at 1228.

As noted above, the effect of the Court's reading of § 7 is to limit parties to an arbitration to the discovery of documents from non-parties through the calling of them as witnesses at a hearing before the arbitrator.  The discovery sought from non-parties is properly noticed in the summons to appear before the arbitrator, which will also direct them to bring certain materials.  The witness and the materials will then be produced at the hearing.  Granted, such a procedure is inconvenient, but the purpose of arbitration and the statute that governs it is not the expeditious resolution of claims.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218-19 (1985).  In *Byrd*, the Supreme Court rejected the call for considerations of efficiency to control the interpretation

and implementation of the FAA's provisions, which would thereby permit district courts to compel arbitration of pendent claims. *Id.* ("We therefore reject the suggestion that the overriding goal of the Arbitration Act was to promote the expeditious resolution of claims."). It noted that while arbitration of pendent claims would certainly ease the burden of piecemeal litigation, arbitration is a product of contract and cannot be expanded beyond the terms and conditions contained therein. *See id.; see also Integrity Ins. Co.*, 885 F. Supp. at 71. Litigating claims in two forums is certainly inconvenient for the parties, but that does not warrant ignoring the limits of the FAA.

Indeed, inconvenience to the parties is not the hallmark of absurdity. *CBS, Inc.*, 245 F.3d at 1228. It is simply the reality of litigation. *See Moynihan v. West Coast Life Ins. Co.*, 607 F. Supp. 2d 1336, 1339 (S.D. Fla. Apr. 7, 2009). Clearly, § 7 is not meant to be read in the most convenient manner possible, but in conformity with the FAA's provisions. *Byrd*, 470 U.S. at 218-19. And a textual limit on arbitrators' power is not absurd, it is merely inconvenient; therefore, the plain meaning of the statute must control. In support of this interpretation of § 7, there are two specific textual portions that demonstrate that a literal reading of the statute is wholly consistent with the overall purpose of the statute.

The FAA does not give the same broad parameters to parties for

discovery as those found in the Federal Rules of Civil Procedure. Section 7 speaks of discovery in terms of documents "which *may be deemed material as evidence* in the case." 9 U.S.C. § 7 (emphasis added). The language of the statute limits the scope of discovery, making it more narrow than the broad parameters set for federal litigation by the Federal Rules of Civil Procedure. Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This opens the doors of liberal discovery for parties, as its primary concern is facilitating the parties' determination of truth. *Ward v. Estaliero*, 541 F. Supp. 2d 1344, 1353 (S.D. Fla. 2008). The fact that § 7 uses "material" and "evidence" and does not track the language of Rule 26(b)(1) makes clear that the statute is not the wide open search for truth that Rule 26 provides. The terms "material" and "evidence" in § 7 place a governor on the discovery available to parties in arbitration and makes it impossible to maintain that Congress intended for parties in arbitration to have the same expansive breadth of discovery that parties in federal court enjoy.

Additionally, the language employed in § 7 closely tracks the language of Federal Rule of Civil Procedure 45 from the Rule's

adoption in 1937 until its amendment in 1991.  The FAA was passed in 1947.  Under the original version of Rule 45, federal courts could not enforce pre-hearing document subpoenas on non-parties.  The then-existing text of Rule 45(a) stated that "[e]very subpoena . . . shall command each person to whom it is directed to attend and give testimony."  Fed. R. Civ. P. 45(a) (1990).  Further, Rule 45(b) provided that "[a] subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein."  Fed. R. Civ. P. 45(b) (1990).  This text was consistently read to limit the power of federal courts to order pre-trial discovery from non-parties.  *See Newmark v. Abeal*, 106 F. Supp. 758, 759 (S.D.N.Y 1952) ("There is not authority for the service of a subpoena duces tecum on a person not a party for the purposes of discovery.").  In fact, "[t]he accepted view was that nothing in Rule 45 gave the court the power to issue documents-only subpoenas to non-parties."  *Hay Group, Inc.*, 360 F.3d at 408.[2]

The FAA stopped tracking the language of Rule 45 in 1991, when Rule 45 was amended to give to parties in federal court broader power for pre-trial discovery from non-parties.  Section 7 has not been so amended.  Therefore, its meaning today is no different than

---

[2] An excellent analysis of this particular point is put forth in the Third Circuit opinion in *Hay Group, Inc.*, in which the court found that § 7 did not permit the issuance of pre-hearing non-party discovery based on the statute's close similarity with the language of the original version of Rule 45.  360 F.3d at 407-09.

its and Rule 45's meaning in 1990.  Simply put, an expansive reading of the statute is unfaithful to its terms, and absent a Congressional amendment to § 7, an arbitrator lacks the ability to compel pre-hearing discovery from non-parties.  Therefore, the Court shall deny the instant Petition, as it seeks to use the Court's power to enforce an *ultra vires* action by the arbitrator.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Respondent American Express Travel Related Services Company's Petition To Enforce Subpoena Duces Tecum Against Patricia Lurie (DE 3) be and the same is hereby **DENIED**;

2. The above-styled cause be and the same is hereby **DISMISSED**; and

3. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   12th    day of August, 2009.

　　　　　　　　　　　　　　　　　　　　　　　/s/ William J. Zloch
　　　　　　　　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record